UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-81038-Civ-Hurley/Hopkins

SHEET METAL WORKERS LOCAL
28 PENSION FUND, individually and on behalf
of all others similarly situated,

                Plaintiffs,

v.

OFFICE DEPOT, INC., STEVE ODLAND
and PATRICIA MCKAY,

                Defendants.

_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFFS' MOTIONS REGARDING APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL (DEs 7, 9, 12, 16, 18)

**THIS CAUSE** has come before this Court upon an Order Referring the above referenced motions to the undersigned for a Report and Recommendation. (DE 45).

In this proposed class action, the Court has before it the motions of three Plaintiffs – New Mexico Educational Retirement Board ("New Mexico ERB"), Alaska Laborers Employers Retirement Fund ("Alaska Laborers") and Steel Workers Pension Trust ("Steel Workers") – each seeking the Court's appointment as Lead Plaintiff and approval of their attorney as Lead Counsel. (DEs 9, 12, 16).[1] For the reasons that follow, this Court **RECOMMENDS** that the District Court appoint New Mexico ERB as Lead Plaintiff and its attorneys, Cauley Bowman Carney &

---

[1] A fourth Plaintiff, Automotive Pension Group, had also moved for appointment as Lead Plaintiff (DE 7, 18), but withdrew its motion in favor of New Mexico ERB, which has a "larger financial interest." (DE 41). Accordingly, Automotive Pension Group's motions (DEs 7, 18) are **MOOT.**

Williams PLLC, as Lead Counsel.

## BACKGROUND

This action stems from allegations that Defendants violated the Securities Exchange Act of 1934, when between April 2006 and October 2007, Defendant Office Depot, a publicly traded company, "issued materially false and misleading statements touting positive financial results and the strength of the Company's assets and potential for future growth." *See* Complaint at ¶ 2 (DE 1). According to Plaintiffs, a group comprised of retirement and pension funds that invested in Office Depot, an independent audit of Office Depot was conducted in October 2007, which revealed the possibility that there had been "improperly recognized revenue" in the company's previous financial statements. *Id.* at ¶¶ 36-37, 41. This caused financial analysts to downgrade the stock which in turn caused the price of the stock to drop precipitously. *Id.* Each of the Plaintiffs purchased publicly traded shares of Office Depot prior to October 2007 at what they contend were "artificially inflated prices," and incurred significant losses after the alleged misrepresentations were revealed. *Id.* at ¶ 9. Specifically, New Mexico ERB contends that it suffered approximately $6.2 million in losses based on the shares of Office Depot it purchased; Steel Workers alleges that it lost approximately $816,212.00 on its shares; and Alaska Laborers states that it suffered a loss of $332,000.00.

## DISCUSSION

Under the Private Securities Litigation Reform Act ("PSLRA"), the plaintiff who files the initial action alleging violations of the Securities Act must publish notice to the class within twenty days after filing the complaint, informing the class members of their right to file a motion

for appointment as Lead Plaintiff. *Eastwood Enterprises v. Farha*, 2008 WL 687351, *1 (M.D. Fla. March 11, 2008)(*citing* 15 U.S.C. § 78u-4(a)(3)(A)(i)). The court must then consider the competing motions and appoint as Lead Plaintiff the member of the class that the court determines to be "most capable of adequately representing the interests of the class members." *Miller v. Dyadic Intern., Inc.*, 2007 WL 4754041, *2 (S.D. Fla. Dec. 14, 2007). In making its determination, the court should bear in mind that "the Lead Plaintiff has significant responsibilities and duties, including the management of the direction of the case." *Vincelli v. National Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1315 (M.D. Fla. 2000).

Under the PSLRA, there is a rebuttable presumption that the "most adequate" entity to serve as Lead Plaintiff is the one that: (1) filed the complaint or made a motion to be appointed Lead Plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) satisfies the requirements of Fed. R. Civ. P. 23 in terms of typicality and adequacy.[2] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also Eastwood Enterprises*, 2008 WL 687351 at *1. With regard to typicality, the proposed Lead Plaintiff should have suffered the same injuries as the absent class members as a result of the same course of conduct by the defendants and maintain claims based on the same legal issues as the absent class members. *Vincelli*, 112 F. Supp. 2d at 1318. Once these requirements are met, the presumption of adequacy may be rebutted only upon proof that the presumptive Lead Plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing

---

[2] Rule 23 requires the claims of the representative parties to be typical of the claims of the class, and that the representative parties be able to fairly and adequately protect the interests of the class.

the class. *Id. (citing* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Where a court finds that all of the plaintiffs who have moved for appointment as Lead Plaintiff meet the first and third conditions under the PSLRA, the "most adequate plaintiff" is usually deemed to be the plaintiff with the largest financial interest. *Miller,* 2007 WL 4754041 at *2. In determining the largest financial interest, courts consider: (1) the number of shares purchased during the class period; (2) the amount of the investment, and (3) the "alleged losses." *Id. (citing Piven v. Sykes Enters. Inc.*, 137 F.Supp.2d 1295, 1302-03 (M.D. Fla. 2000)).

Here, it appears that all three Plaintiffs seeking appointment as Lead Plaintiff satisfy the first and third conditions under the PSLRA: they have each filed a motion to be appointed Lead Plaintiff and they meet Rule 23's requirements in that their claims are typical of the rest of the class and they are large, sophisticated pension funds that are capable of adequately and fairly representing and protecting the interests of the absent class members. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)(typicality is established if the "claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory"); *In re Vesta Ins. Group, Inc., Securities Litigation,* 1999 WL 34831475, *8 (N.D. Ala. Oct. 25, 1999)(in passing PSLRA, Congress intended "that large institutional investors should be encouraged to serve as class representatives in securities fraud class actions").

Therefore, the Court will focus on the second condition and deem the "most adequate plaintiff" to be the one with the largest financial interest. Upon reviewing the certifications of the three movants, it is clear that the Plaintiff with the largest financial interest is New Mexico ERB. During the class period, New Mexico ERB purchased almost 400,000 shares of Office

Depot, investing a total of over $14.5 million, and apparently losing approximately $6.2 million. These figures exceed the amounts certified by either of the other two candidates for Lead Plaintiff. Moreover, New Mexico ERB is typical of the other class members in that it purchased shares of Office Depot during the class period and suffered damages due to Office Depot's alleged misrepresentations. Additionally, according to the New Mexico Attorney General, New Mexico ERB would be an adequate representative and protect the interests of the class because as a state agency which operates an $8.5 billion public pension fund with approximately 68,000 active members (*see* Declaration of Gary King at ¶ 2 (DE 6)), it has experience doing so. Indeed, New Mexico ERB has been appointed as Lead Plaintiff in several other federal securities class action lawsuits during the last three years. *See* Certification of Proposed Lead Plaintiff at ¶ 6, attached as Exhibit 3 to Declaration of David C. Rash, Esq. (DE 6). Finally, the New Mexico Attorney General attests that as Lead Plaintiff, New Mexico ERB will fulfill its "fiduciary duty to all members of the proposed class to provide fair and adequate representation and to work diligently with class counsel to maximize the recovery for the Class." *See* King Declaration at ¶ 5. Based on these representations, this Court is convinced that New Mexico ERB is the most adequate plaintiff and therefore, this Court **RECOMMENDS** that the District Court grant New Mexico ERB's motion for appointment as Lead Plaintiff.

With regard to New Mexico ERB's request to have their attorneys appointed as Lead Counsel, the record indicates that Cauley Bowman Carney & Williams PLLC have successful experience serving as Lead Counsel in "accounting fraud and other complex class actions" throughout the country. *See* Firm Resume, attached as Exhibit 6 to Rash Declaration. Therefore, the Court finds they would be competent to assume the Lead Counsel role in prosecuting this

lawsuit. *See Miller,* 2007 WL 4754041 at *2 (where Lead Plaintiff's attorney had "successfully prosecuted securities class action litigations in the past" the court declined to interfere with the Lead Plaintiff's choice of counsel); *Molema v. Bio-One Corp.,* 2006 WL 1733859, *3 (M.D. Fla. June 20, 2006)(where court found resume of proposed firm demonstrated that it was "well-versed in the vagaries of securities class action litigation" court deemed class would be "well-represented" by the firm and recommended their appointment).

In conclusion, there is no evidence before this Court to rebut the presumption that New Mexico ERB is the most adequate candidate to be appointed Lead Plaintiff. No other party has suggested that New Mexico ERB will not fairly and adequately protect the interests of the class or that it is subject to sone unique defenses that would render it incapable of adequately representing the class. Rather, both of the Plaintiffs competing for appointment as Lead Plaintiff, agree that New Mexico ERB has the largest financial interest and acknowledge that it is therefore, the presumptive Lead Plaintiff. (DE 23, 28).

Accordingly, it is hereby **RECOMMENDED** as follows:

1.) That New Mexico ERB's Motion for Appointment as Lead Plaintiff (DE 16) be **GRANTED** and its request that Cauley Bowman Carney & Williams PLLC be appointed Lead Counsel also be **GRANTED**;

2.) That Alaska Laborers' Motion for Appointment as Lead Plaintiff (DE 9) be **DENIED**;

3.) That Steel Workers' Motion for Appointment as Lead Plaintiff (DE 12) be **DENIED**;

4.) That Automotive Pension Group's Motions for Appointment as Lead Plaintiff (DE 7, 18) be **DENIED AS MOOT.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this _3_ day of April, 2008, at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

cc:   The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
All Counsel of Record